UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Prentice Wheatley,                                       Civil No. 15-1979 (DWF/SER)

    Plaintiff,

v.
                                                         **REPORT &**
                                                         **RECOMMENDATION**
John Quist, Kent Grandlienard, David Rieshus,
Tom Roy, John King, and Tammy Wherley

    Defendants.
_____

    Prentice Wheatley, OID# 175482, MCF-Rush City, Rush City, Minnesota, pro se.

    Timothy S. Christensen, Esq., Minnesota Attorney General's Office, St. Paul, Minnesota, for Defendants.
_____

STEVEN E. RAU, United States Magistrate Judge

    The above-captioned case comes before the undersigned on Plaintiff Prentice Wheatley's ("Wheatley") Request for Emergency Injunction and Temporary Restraining Order ("Plaintiff's First Motion") [Doc. No. 45] and Motion to/for Emergency Restraining Order/Injunction ("Plaintiff's Second Motion") [Doc. No. 52]. This matter was referred for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

    Wheatley, an inmate at the Minnesota Correctional Facility at Rush City ("MCF-RC") represents himself in this matter. Prior to his transfer to MCF-RC, Wheatley was incarcerated at the Minnesota Correctional Facility at Oak Park Heights ("MCF-OPH") and the Minnesota Correctional Facility at Stillwater ("MCF-Stillwater"). *See* (Pl.'s First Mot. at 1); (Pl.'s Am. Compl., "Am. Compl.") [Doc. No. 20 at 4]. This lawsuit arises from events that Wheatley alleges occurred at MCF-Stillwater and MCF-OPH. *See* (Am. Compl.).

Wheatley alleges in his First Motion that, upon arrival at MCF-RC, prison officials impermissibly confiscated, as contraband, his legal mail and photos of MCF-Stillwater that he claims are evidence in this matter. (Pl.'s First Mot. at 1–2). In his Second Motion, Wheatley alleges that MCF-OPH officials impermissibly failed to send some of his belongings to him when he was transferred to MCF-RC. (Mem. of Law in Supp. of or in Opp'n to Emergency Restraining Order/Injunction, "Mem. in Supp.") [Doc. No. 53 at 1–2]. He seeks an order directing Defendants to return his legal mail and photos that were confiscated, as well as the property that was not shipped from MCF-OPH to MCF-RC. (Pl.'s First Mot. at 1); (Pl.'s Second Mot. at 1). He also seeks an order enjoining Defendants from destroying the unshipped property. (Pl.'s Second Mot. at 1).

In his motions, Wheatley purports to seek both an emergency restraining order and a temporary injunction. (*Id.*); (Pl.'s First Mot. at 1). "As a practical matter, once adverse parties have notice and an opportunity to oppose a temporary restraining order, the matter is appropriately treated as a motion for a preliminary injunction." *Becerra v. Doe*, No. 07-CV-3414 (JMR/JJG), 2008 WL 4999251, at *1 (D. Minn. Nov. 19, 2008) (Graham, Mag. J., as adopted by Rosenbaum, J.) (citing Fed. R. Civ. P. 65(a); *Onan Corp. v. United States*, 476 F. Supp. 428, 433 n. 1 (D. Minn. 1979) (Devitt, C.J.)). In this case, Defendants had notice of Wheatley's motions and filed memoranda in opposition; the Court therefore treats each as a motion for preliminary injunction. *See* (Def. King, Rieshus, Roy, Wherley and Quist's Mem. in Opp'n to Mot. for Emergency Inj. and T.R.O.) [Doc. No. 47]; (Def. King, Rieshus, Roy, Wherley and Quist's Mem. in Opp'n to Second Mot. for Emergency Restraining Order and Inj.) [Doc. No. 60].

A preliminary injunction serves to preserve the status-quo and protect a plaintiff from the harm alleged in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

"Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* If new injuries arise during litigation that are not a result of the harm alleged in the complaint, the court may not issue a preliminary injunction against that conduct. *Id.*

The injuries Wheatley alleges in his motions are unrelated to the harm alleged in his Complaint. *See* (Pl.'s First Mot. at 1–2); (Mem. in Supp. at 1); (Am. Compl.). In his Amended Complaint, Wheatley alleges due process violations arising from a disciplinary hearing and the resulting period he spent in segregation. (Am. Compl. at 5–6, 8–9). Wheatley, in contrast, presently seeks injunctive relief related to the alleged seizure of his legal mail and photos, as well as the failure to ship personal belongings from MCF-OPH to MCF-RC. *See* (Pl.'s First Mot. at 1–2); (Pl.'s Second Mot. at 1); (Mem. in Supp. at 1). As such, this Court cannot issue the preliminary relief Wheatley requests. *See Devose*, 42 F.3d at 471 (affirming district court's denial of preliminary injunction where relief requested arose from new allegations unrelated to the allegations in the complaint); *Becerra*, 2008 WL 4999251, at *1.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Prentice Wheatley's ("Wheatley") Request for Emergency Injunction and Temporary Restraining Order [Doc. No. 45] be **DENIED**; and

2. Wheatley's Motion for Emergency Restraining Order/Injunction [Doc. No. 52] be **DENIED**.

Dated: April 12, 2016

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.